IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

1. THOMAS CRELLY, Individually, and

2. THOMAS CRELLY, as Personal Representative of the Estate of KATHLEEN CRELLY, Deceased,
   Plaintiffs,

v.

1. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and

2. PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,
   Defendants.

Case No. CIV-21-588-J
Hon. Bernard Jones

## JOINT STIPULATIONS OF FACT REGARDING UNINSURED/UNDERINSURED MOTORIST COVERAGE

### THE CAR WRECK

1. Thomas Crelly and Kathleen Crelly were involved in a car wreck on November 23, 2018, in Major County, Oklahoma. ("the wreck"). At the time of the wreck, Thomas Crelly was operating a 2014 Dodge Ram 2500 ("the vehicle") and towing a 2015 Keystone RV Cougar Fifth Wheel ("the trailer"). Kathleen Crelly was riding as a passenger in the vehicle.

2. Thomas Crelly and Kathleen Crelly were residents of Missouri at the time of the accident.

3. Kathleen Crelly was killed in the wreck.

4. Thomas Crelly was injured in the wreck.

**THE STATE FARM AUTOMOBILE MUTUAL INSURANCE COMPANY POLICY**

5.  Thomas Crelly was the owner of the 2014 Dodge Ram 2500 he was operating at the time of the wreck.

6.  The 2014 Dodge Ram 2500 was primarily garaged at the Crelly residence in Missouri.

7.  Thomas Crelly insured the vehicle with State Farm Automobile Mutual Insurance Company under a Missouri policy no. 436 3475-C23-25. ("The State Farm policy.").

8.  The State Farm policy provided a stated uninsured motorist limit of $100,000, medical payments limit of $1,000, and a death and dismemberment limit of $5,000.

9.  The Crellys chose not to purchase underinsured motorist coverage at the time they purchased the policy.

10. The State Farm policy was in force at the time of the wreck.

11. The State Farm policy was issued in Missouri.

12. The State Farm policy has a provision (Policy Form 9825A, Page 9 of 32) which provides:

> **Required Out-of-State Liability Coverage**
>
> If:
>
> 1. an insured is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to

2

its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident, then this policy will be interpreted to provide the minimum liability coverage required by such law.

13. State Farm denied coverage on the basis that although he had uninsured motorist coverage on the vehicle, he did not purchase <u>under</u>insured motorist coverage on the vehicle.

14. The State Farm policy has a provision (Policy Form 9825A, Page 13 of 32) which provides:

> **Uninsured Motor Vehicle** means a land motor vehicle:
> 1. The ownership, maintenance and use is:
>    A. Not insured or bonded for bodily injury liability at the time of the accident; or
>    B. Insured or bonded for bodily injury liability at the time of the accident; but
>       (1) the limits are less than required by the financial responsibility act of Missouri; or
>       (2) the insuring company:
>       (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
>       (b) is or becomes insolvent; or
>       (3) the owner and driver of which remain unknown and which causes bodily injury to the insured.
> 
> **Uninsured Motor Vehicle** does not include a land motor vehicle:
> 1. Whose ownership, maintenance or use is provided Liability Coverage by this policy.

15. The State Farm policy has a provision (Policy Form 9825A, Page 15 of 32) which provides:

**Underinsured Motor Vehicle** means a land motor vehicle:

1. The ownership, maintenance and use of which is either:

A. Insured or bonded for bodily injury liability at the time of the accident; or;

B. Self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and

2. For which the total limits of insurance, bonds and self insurance for bodily injury liability from all sources;

A. Are less than the amount of the insured's damages; or

B. Have been reduced by payments to persons other than the insured to less than the amount of insureds damages.

**Underinsured Motor Vehicle** does not include a land motor vehicle:

1. Whose ownership, maintenance or use is provided Liability Coverage by this policy.

## THE PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD POLICY

16. Thomas Crelly was the owner of the 2015 Keystone RV Cougar Fifth Wheel being towed by the vehicle at the time of the wreck.

17. The 2015 Keystone RV Cougar Fifth Wheel was registered in Missouri.

18. Thomas Crelly insured the trailer with Property & Casualty Insurance Company of Hartford under policy no. 55 PHF786024. ("The Hartford policy").

19. The 2015 Keystone RV Cougar Fifth Wheel was principally garaged in Missouri.

20. The Hartford policy provided a stated uninsured motorist limit and underinsured motorist limit of $100,000 per person and medical payments limit of $5,000 per person.

21. The Hartford policy was in force at the time of the wreck.

4

22. The Hartford policy was issued in Missouri.

23. The Hartford policy has a provision in Part A – Liability Coverage (Form 8524, found on Page 4 of 18) which provides:

OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than one in which your covered auto is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

24. The Hartford policy includes the following definitions that are applicable to all parts of the policy, including endorsements, (Form 8524, found on Page 1 of 18):

I. "Trailer" means a vehicle designed to be pulled by a:
   1. Private passenger auto; or
   2. Pickup or van.

J. "Your covered auto" means:
   1. Any vehicle shown in the Declarations.
   2. A newly acquired auto.
   3. Any trailer you own.
   4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
      a. Breakdown;          d. Loss; or
      b. Repair;             e. Destruction.

5

  c. Servicing;

This Provision (J.4.) does not apply to Coverage For Damage To Your Auto.

25. Part B – Medical Payments Coverage provides the following exclusions:

EXCLUSIONS

We do not provide Medical Payments Coverage for any insured for bodily injury:

1. Sustained while occupying any motorized vehicle having fewer than four wheels.
2. Sustained while occupying your covered auto when it is being used as a public or livery conveyance. This Exclusion (2.) does not apply to a share-the-expense car pool.
3. Sustained while occupying any vehicle located for use as a residence or premises.
4. Occurring during the course of employment if workers' compensation benefits are required or available for the bodily injury.
5. Sustained while occupying, or when struck by, any vehicle (other than your covered auto) which is:
   a. Owned by you; or
   b. Furnished or available for your regular use.
6. Sustained while occupying, or when struck by, any vehicle (other than your covered auto) which is:
   a. Owned by any family member; or
   b. Furnished or available for the regular use of any family member.
   However, this Exclusion (6.) does not apply to you.
7. Sustained while occupying a vehicle without a reasonable belief that that insured is entitled to do so. This Exclusion (7.) does not apply to a family member using your covered auto which is owned by you.
8. Sustained while occupying a vehicle when it is being used in the business of an insured. This Exclusion (8.) does not apply to bodily injury sustained while occupying a:
   a. Private passenger auto;
   b. Pickup or van that you own; or
   c. Trailer used with a vehicle described in a. or b. above.
9. Caused by or as a consequence of:
   a. Discharge of a nuclear weapon (even if accidental);
   b. War (declared or undeclared);
   c. Civil war;
   d. Insurrection; or
   e. Rebellion or revolution.

  10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
    a. Nuclear reaction;
    b. Radiation; or
    c. Radioactive contamination.
  11. Sustained while occupying any vehicle located inside a facility designed for racing, for the purpose of:
    a. Competing in; or
    b. Practicing or preparing for; any prearranged or organized racing or speed contest.

26. Part C – Uninsured/Underinsured Motorists Coverage, Section II – Underinsured Motorists Coverage of the Hartford policy was deleted and replaced with an endorsement titled "Underinsured Motorists Coverage- Missouri." The endorsement (Form A-6193-2, found on Pages 1-4) provides, in part, as follows:

INSURING AGREEMENT
A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:
  1. Sustained by an insured; and
  2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle. We will pay under this coverage only if 1. or 2. below applies:
  1. The limits of liability under any bodily injury liability bonds or policies applicable to the underinsured motor vehicle have been exhausted by payment of judgments or settlements; or
  2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we:
    a. Have been given prompt written notice of such tentative settlement; and
    b. Advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification.

B. "Insured" as used in this endorsement means:
  1. You or any family member.
  2. Any other person occupying your covered auto.

  3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for bodily injury under that bond or policy to an insured is not enough to pay the full amount the insured is legally entitled to recover as damages.

However, underinsured motor vehicle does not include any vehicle or equipment:
1. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of Missouri.
2. Owned by or furnished or available for the regular use of you or any family member.
3. Owned by any governmental unit or agency.
4. Operated on rails or crawler treads.
5. Designed mainly for use off public roads while not upon public roads.
6. While located for use as a residence or premises.
7. Owned or operated by a person qualifying as a self-insurer under any applicable motor vehicle law.
8. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
 a. Denies coverage; or
 b. Is or becomes insolvent.

EXCLUSIONS
A. We do not provide Underinsured Motorists Coverage for bodily injury sustained:
1. By an insured while occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
2. By any family member while occupying, or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

LIMIT OF LIABILITY
A. The Limit of Liability shown in the Declarations for Underinsured Motorists Coverage is for reference purposes only; under no circumstances

8

do we have a duty to pay the entire Limit of Liability stated in the Declarations for this coverage. The Limit of Liability shown in the Declarations for each person for Underinsured Motorists Coverage, less all sums paid by those who may be legally responsible, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for each person, the Limit of Liability shown in the Declarations for each accident for Underinsured Motorists Coverage, less all sums paid by those who may be legally responsible, is our maximum limit of liability for all damages for bodily injury resulting from any one accident.

This is the most we will pay regardless of the number of:

1. Insureds;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. The Limits of Liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of this Policy.

OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided by this endorsement:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

9

<u>s/ Anna Wolfe</u>
ANNA WOLFE, OBA #32021
JULIA A. PALMER, OBA #32906
McAfee & Taft A Professional Corporation
2 West 2nd St., Suite 1100
Tulsa, OK 74103
Telephone: (918) 587-0000
anna.wolfe@mcafeetaft.com
julia.palmer@mcafeetaft.com

*Attorneys for Defendant, Property and Casualty Insurance Company of Hartford*

<u>s/ Rex Travis</u>
REX TRAVIS, OBA #9081
CASEY R. LAWSON, OBA #33947
Travis Law Office
P.O. Box 1336
Oklahoma City, OK 73101-1336
Telephone: (405) 236-5400
Facsimile: (405) 236-5499
info@travislawoffice.com

*Attorneys for Plaintiff*

<u>s/Bill Molinsky</u>
BILL MOLINSKY, OBA #12791
MOLINSKY LAW FIRM, P.C.
2600 Covell Village Drive, Suite 110
Edmond, OK 73003
Telephone: (405) 844-1200
Facsimile: (405) 844-1204
bmolinsky@molinskylaw.com
*Attorney for Defendant, State Farm Mutual Automobile Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December 2021, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing. Based on the current records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

*s/ Anna Wolfe*